UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:17-cr-00089-JAW |
| | ) | |
| IULIAN PETRE, a/k/a JULIAN PETRE | ) ) | |

**ORDER ON MOTION IN LIMINE**

The Court declines to allow the Government to admit so-called business records into evidence at an upcoming jury trial by certificates of authenticity without the testimony of an appropriate records custodian because the Defendant has raised trustworthiness and *Crawford / Cameron* questions about the documents and their admissibility under the Sixth Amendment's Confrontation Clause.

**I.    BACKGROUND**

**A.    Procedural History**

On June 20, 2017, a federal grand jury issued a seventeen count indictment against Iulian Petre for ten counts of receipt of a firearm in interstate commerce, alleged violations of 18 U.S.C. § 924(b), three counts of shipment of a firearm in foreign commerce, alleged violations of 18 U.S.C. § 924(b), three counts of promotion money laundering, alleged violations of 18 U.S.C. § 1956(a)(2), and one count of smuggling, an alleged violation of 18 U.S.C. § 554. *Indictment* (ECF No. 23). On July 12, 2017, a federal grand jury issued a second seventeen count indictment against Mr. Petre. *Superseding Indictment* (ECF No. 32). On July 13, 2017, the Court set the matter for jury trial with jury selection occurring on August 21, 2017 and trial to

1

follow immediately thereafter. *Notice of Hr'g* (ECF No. 39). On August 9, 2017, a federal grand jury issued a second seventeen count superseding indictment. *Second Superseding Indictment* (ECF No. 63). On August 10, 2017, the Government moved to dismiss Count IX of the Second Superseding Indictment and on the same day, the Court granted the Government's motion, leaving sixteen counts pending against Mr. Petre. *Gov't's Unopposed Mot. to Dismiss Count Nine* (ECF No. 62); *Order* (ECF No. 66).

On July 19, 2017, the Government filed a motion in limine for a ruling to permit it to use Federal Rule of Evidence 902(11) to authenticate records of several businesses. *Mot.* in Limine *for a Ruling Permitting the Gov't to Utilize Fed. R. of Evid. 902(11) for the Authentication of Domestic Records of Regularly Conducted Activity* (ECF No. 40) (*Gov't's Mot.*). On August 4, 2017, Mr. Petre filed a response. *Def.'s Resp. to the Gov't's Mot. in Limine for a Ruling Permitting the Gov't to Utilize Fed. Rule of Evid. 902(11) for the Authentication of Domestic Records of Regularly Conducted Activity* (ECF No. 55) (*Def.'s Opp'n*). On August 14, 2017, the Government filed its reply. *Gov't's Reply to Def.'s Opp'n to Mot.* in Limine *for a Ruling Permitting the Gov't to Utilize Fed. R. of Evid. 902(11) for the Authentication of Domestic Records of Regularly Conducted Activity* (ECF No. 73) (*Gov't's Reply*).

B.  **Factual Background**

In its motion, the Government identifies the records of five businesses for which it has secured certificates of authenticity: (1) Maine Savings Federal Credit Union, (2) Yahoo!, Inc., (3) Google, Inc., (4) Gunbroker.com, LLC, and (5) United

Parcel Service of America, Inc. (UPS). *Gov't's Mot.* at 1. The Government describes the Maine Savings records as banking records pertaining to Mr. Petre's monthly account statements and other account information, such as signature cards. *Id.* at 2. It describes the Yahoo! and Google records as subscriber information for Mr. Petre's email accounts with Yahoo! and Google as well as data concerning emails sent and received. *Id.* It describes Gunbroker.com as an online auction site for firearms, ammunition, and firearm accessories, showing Mr. Petre's purchase of firearms and information about the sellers of those firearms. *Id.* Finally, it describes the UPS records as containing information regarding shipments to the addresses that Mr. Petre allegedly used for his firearms activity. *Id.* at 2–3.

## II. THE PARTIES' POSITIONS

### A. The Government's Position

Citing Rules of Evidence 803(6) and 902(11), the Government seeks a ruling in advance of trial concerning the admissibility of the business records of the listed companies, and it attaches to the motion, five certificates of authenticity that it previously provided Mr. Petre in discovery. *Gov't's Mot.* at 1. First, the Government argues that Federal Rules of Evidence 803(6) and 902(11) allow the admission of the business records upon certification. *Id.* at 3. Next, the Government addresses the Confrontation Clause issue that the United States Supreme Court highlighted in *Crawford v. Washington*, 541 U.S. 36 (2004). The Government contends that the *Crawford* Court and the First Circuit in *United States v. Cameron*, 699 F.3d 621 (1st

Cir. 2012) expressly exempted business records as non-testimonial and therefore outside these Confrontation Clause issues. *Gov't's Mot.* at 3–5.

### B. Iulian Petre's Opposition

Mr. Petre objected to the admission of all of these records without the presence of the custodian. *Def.'s Opp'n* at 4–8. First, Mr. Petre asserts that, even if the documents meet the other requirements under Rules 803(6) and 902(11), they are not admissible because they are not trustworthy. *Id.*

Next, although Mr. Petre acknowledges that most business records do not present *Crawford*'s Confrontation Clause issues, the records should be excluded because they were compiled specifically for trial and therefore in this case are subject to a *Crawford* objection. *Id.* More specifically, Mr. Petre refers to *United States v. Cameron*, 699 F.3d 621 (1st Cir. 2012), in which the First Circuit concluded that reports generated by internet service providers were inadmissible as business records because they violated the Sixth Amendment's Confrontation Clause, *id.* at 638–52, and Mr. Petre claims that the business records in this case suffer the same constitutional infirmity. *Def.'s Opp'n* at 2–7.

Next, turning to the bank records, Mr. Petre says that he provided some of the information in the bank records and therefore "there needs to be adequate verification of this information." *Id.* at 4. He explains that where information was supposedly obtained from the customer, other courts have required evidence that the business's standard practice is to verify the information provided by the customer. *Id.* at 4, n.3.

4

Next, Mr. Petre worries that the bank records were prepared specifically for use at trial and therefore would be subject to Confrontation Clause concerns. *Id.* at 5.

Regarding the Yahoo! and Google records, Mr. Petre asserts that the subscriber information is "not based on information generated by Yahoo! [and Google themselves] and, as such, present[] an issue in terms of trustworthiness." *Id.* at 5–6. He describes the subscriber information as "unverified." *Id.* Citing *Cameron*, he argues that these records were "not kept in a business format and the material was generated from his account for litigation." *Id.*

Regarding the Gunbroker.com records, Mr. Petre questions their trustworthiness. He notes that they were "generated though an online website" and "verification is too tenuous to establish trustworthiness" under Rule 803(6)(E). *Id.* at 7.

Finally, he challenges the trustworthiness of the UPS documents because they "do not provide complete verification as to who conducted the shipment transactions." *Id.* at 7–8.

### C. Government's Reply

In its reply, the Government generally argues that Mr. Petre's concerns about lack of trustworthiness of the proffered documents are misplaced. *Gov't's Reply* at 1.

Turning first to Federal Rule of Evidence 803(6), the Government agrees that some of the records "do contain statements that are not properly admitted as business records of the subject entities," but it asserts that these statements are admissible under other rules of evidence, such as admissions of the defendant or statements

5

offered for the effect on the listener. *Id.* at 2. The Government maintains that these evidentiary issues should not prevent the admission of information otherwise within the scope of Rule 803(6). *Id.*

Next, the Government challenges Mr. Petre's Confrontation Clause argument. *Id.* at 2–3. In contrast with *Cameron*, the Government says that the businesses here did not create the records for anticipated criminal proceedings. *Id.* Moreover, the Government contends that even if a "limited number of those records" were produced from the entities' records for presentation at trial, this does not "transform those records into testimonial statements." *Id.*

Turning to Mr. Petre's specific objections, the Government asserts that "[a]ll records [of Maine Savings Bank] are banking records kept by Maine Savings F.C.U. in the course of its business." *Id.* at 3. It reiterates that financial records, such as those evidencing checks and wire transfers, fall within the business records exception to the hearsay rule. *Id.* at 3–4.

Regarding the Yahoo! and Google email records, the Government observes that Mr. Petre failed to identify any "trustworthiness concerns." *Id.* at 4. The Government also says that Mr. Petre himself repeatedly admitted to government agents that the Gmail account was his. *Id.* at 5. The Government submits that "the account summary information for each account is admissible, presuming the proper foundation is formed at trial through the anticipated evidence and testimony." *Id.*

After observing that Mr. Petre does not deny that certain information in the Gunbroker.com records falls within the scope of the business records exception, the

6

Government asserts that the information that does not fall within the exception, such as Mr. Petre's profile information, is admissible as an admission. *Id.* at 6.

Finally, as regards the UPS records, the Government says that it intends to offer the records to show "the location the item was shipped from, the place it was shipped to, and the dates for each." *Id.* at 7. It also notes that the UPS records reveal the identity of the account holder associated with the shipment, that is, the person with a business relationship to UPS, who paid UPS to make the shipment. *Id.*

### III. DISCUSSION

Federal Rule of Evidence 803(6), the so-called business records exception to the rule against hearsay, allows for the admission of the records of a regularly conducted activity so long as the records meet the standards of the Rule. FED. R. EVID. 803(6). Instead of calling the records custodian as a witness at trial, Rule 803(6) also allows the proponent of the records to submit a certificate of a custodian or other qualified witness attesting that the records meet the requirements of the Rule. *Id.* Once the certificate is completed, Rule 803(6) places the burden on the opponent of the record to demonstrate that the "source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *Id.*

The parties followed the procedure the Rule contemplates. The Government prepared and submitted Rule 803(6) certifications and the Defendant objected to the admission of the records on the ground of trustworthiness among other things. As the Advisory Committee on the Rules of Evidence observed in its 2014 note, once the proponent has established that the records meet the standards of the Rule, the

burden to demonstrate a lack of trustworthiness rests with the opponent. FED. R. EVID. 803(6) advisory committee's note to 2014 amendments ("It is appropriate to impose this burden on the opponent, as the basic admissibility requirements are sufficient to establish a presumption that the record is reliable"). Yet, the Advisory Committee also noted that the opponent is "not necessarily required to introduce affirmative evidence of untrustworthiness. For example, the opponent might argue that a record was prepared in anticipation of litigation and is favorable to the preparing party without needing to introduce evidence on the point." *Id.* In general the First Circuit has upheld the admission of business records once the trustworthiness of the documents has been established. *See Haag v. United States*, 485 F.3d 1, 3 (1st Cir. 2007) (IRS computerized records); *United States v. McGill*, 953 F.2d 10, 14 (1st Cir. 1992) (bank records).

One problem here is that the records themselves have not been submitted to the Court by the Government and, therefore, it is difficult to know—other than in general terms—the specific reason for Mr. Petre's objections. For example, Mr. Petre says that some portions of the records require express verification, such as statements allegedly attributable to Mr. Petre himself. *Def.'s Opp'n* at 4 n.3. In this argument, he notes that some courts have required the records custodian to confirm the business' standard practices of verifying that the person is who he claims to be. *Id.* Mr. Petre is also worried that some of the records may have been compiled expressly for trial. *Id.*

In these circumstances, even though it is an added inconvenience and expense for the Government, the Court concludes that Mr. Petre has raised sufficient doubts about the trustworthiness of the documents to justify the presence of the records custodian at trial. Rule 803(6) provides a means to make litigation more efficient if there is no legitimate controversy about whether the proffered records meet the standards of the Rule. But it is not intended to allow automatic admission of those records without the testimony of an appropriate records custodian in the face of the opponent's good faith and specific objections. Similarly, without the record before the Court, it is difficult to assess whether the proffered records pose any *Crawford* / *Cameron* questions.

During trial, the Court will hear from the records custodians outside the presence of the jury and, with the proposed record before the Court, will give Mr. Petre's counsel an opportunity to explain why he objects to a specific record before its admission, and the Government's counsel a corresponding opportunity to explain why it is nevertheless admissible.

## IV. CONCLUSION

To the extent the Government is moving in limine for an order confirming the admissibility of the business records of Maine Savings Bank, Yahoo!, Google, Gunbroker, and United States Parcel Service without the need for an authenticating witness, the Court DENIES Government's Motion in Limine for a Ruling Permitting the Government to Utilize Federal Rule of Evidence 902(11) for the Authentication of Domestic Records of Regularly Conducted Activity (ECF No. 40). The Court takes no

position on whether the records might be admissible upon reviewing the actual records and hearing from the records custodian.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR
UNITED STATES DISTRICT JUDGE

Dated this 16th day of August, 2017