UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IULIAN PETRE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:17-cr-00089-JAW |
| ) | 1:20-cv-00093-JAW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 138.) The Government asks the Court to dismiss the matter because it was filed after the statute of limitations elapsed. (Response, ECF No. 149.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In 2017, Petitioner was indicted on ten counts of receiving a firearm in interstate commerce with the intent to export without a license in violation of 18 U.S.C. § 924(b), three counts of shipping a firearm in interstate commerce with the intent to export a firearm without a license in violation of 18 U.S.C. § 924(b), three counts of money laundering in violation of 18 U.S.C. § 1956(a)(2), and one count of smuggling in violation of 18 U.S.C. § 554. (Second Superseding Indictment, ECF No. 63.) After a trial in August 2017, a jury found Petitioner guilty on six counts of illegally receiving a firearm and three counts of illegally shipping a firearm; the jury found Petitioner not guilty on the other counts. (Jury Verdict, ECF No. 90.)

In April 2018, the Court sentenced Petitioner to twenty-four months in prison, to be followed by three years of supervised release. (Judgment, ECF No. 124.) A few days after sentencing, Petitioner withdrew an earlier-filed motion for bond pending appeal; Petitioner did not file an appeal at that time. (Withdrawal of Motion, ECF No. 127.) A year and a half later, in November 2019, Petitioner attempted to initiate an appeal. (Notice of Appeal, ECF No. 130). The First Circuit dismissed the appeal as untimely filed. (Judgment of the Court of Appeals, ECF No. 136.) In March 2020, Petitioner filed his § 2255 motion. (Motion, ECF No. 138.)

## DISCUSSION

Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

   (1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing; Petitioner does not rely on a right newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and Petitioner does not allege newly-discovered facts in support of his section 2255 claims. Because

paragraphs (2), (3), and (4) do not apply, therefore, the limitations period began to run when Petitioner's judgment of conviction became final.

The Court entered Petitioner's judgment of conviction on April 5, 2018. (Judgment, ECF No. 124.) Because Petitioner did not appeal, the judgment became final after his fourteen-day period for filing an appeal elapsed on April 19, 2018. *See* Fed. R. App. P. 4(b)(1)(A); *Martinez-Serrano v. United States*, No. CIV. 11-1077 JAF, 2012 WL 6016663, at *1 (D.P.R. Nov. 30, 2012) ("Neither the Supreme Court nor the First Circuit, to our knowledge, has decided when an unappealed federal criminal conviction becomes 'final' for the purposes of § 2255(f)(1). All of the circuit courts that have answered this question, to our knowledge, have held that such a conviction becomes final when the time for filing an appeal expires"). The limitation period for filing a section 2255 motion to challenge the judgment expired one year later, on April 19, 2019. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("'When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.'") (quoting *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998)). Petitioner did not file his motion until March 11, 2020, nearly eleven months after the limitations period expired.

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control,

while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).

Petitioner's contention concerning the filing of an appeal—that Petitioner allegedly believed his attorney was going to file a notice of appeal and did not realize that his attorney had not done so—arguably implicates equitable tolling considerations. *See Holland*, 560 U.S. at 651–52 ("a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling," but "serious instances of attorney misconduct" or abandonment can trigger equitable tolling). Petitioner's version, however, is implausible given the evidence in the record of the understanding between Petitioner and his attorney after sentencing.[1] Even assuming that he expected counsel to file an appeal, Petitioner has not offered a satisfactory reason for his delay of nearly nineteen months before pursuing an untimely appeal,[2] when asked by the First Circuit to show cause for the untimely filing, Petitioner did not assert that his counsel had failed to file a notice of appeal at his request, *see Response to Show Cause Order*, *United States v. Petre*, No. 19-2161 (1st Cir.), and Petitioner has failed to explain his further delay of an additional three months between the First Circuit's dismissal and the filing of the § 2255 motion. Because Petitioner

---

[1] A few days after sentencing, Petitioner withdrew the motion he had previously filed seeking bond pending appeal. (Withdrawal of Motion, ECF No. 127.) Petitioner's trial attorney attests that Petitioner was pleased with the below-guideline sentence and opted not to file an appeal. (Declaration, ECF No. 149-1.)

[2] Petitioner's untimely appeal was pending between November 7 and December 13, 2019. The time the appeal was pending does not alter the equitable tolling analysis because the one-year limitations period elapsed nearly seven months earlier.

failed to establish an extraordinary circumstance or his own diligence, equitable tolling is not appropriate here.[3]

Because Petitioner did not file the § 2255 motion within the applicable limitation period, and because equitable tolling does not apply, dismissal of the motion is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of September, 2020.

---

[3] Petitioner also argues that he required an interpreter but was not provided with one. Even assuming that language issue could serve as a basis for tolling, the record does not support his claim that he required an interpreter.